*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 09a0246p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT
―――――――――――

DOMINIC NWAGBO,

        *Petitioner,*

    *v.*

ERIC H. HOLDER, JR., Attorney General of the
United States,[*]

        *Respondent.*

No. 07-3723

On Petition for Review of a Final Order
of the Board of Immigration Appeals.
No. A73 368 074.

Argued:  June 10, 2009

Decided and Filed:  June 30, 2009[**]

Before:  NORRIS, BATCHELDER, and KETHLEDGE, Circuit Judges.

―――――――――――

## COUNSEL

**ARGUED:** E. Dennis Muchnicki, LAW OFFICE, Dublin, Ohio, for Petitioner.  Katharine E. Clark, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.  **ON BRIEF:** E. Dennis Muchnicki, LAW OFFICE, Dublin, Ohio, for Petitioner.  Katharine E. Clark, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

―――――――――――

[*]Pursuant to Fed. R. App. P. 43(c)(2), Attorney General Eric H. Holder, Jr. is automatically substituted for former Attorney General Michael B. Mukasey.

[**]This decision was originally issued as an "unpublished decision" filed on June 30, 2009.  On July 9, 2009, the court designated the opinion as one recommended for full-text publication.

_____

**OPINION**

_____

KETHLEDGE, Circuit Judge.  Dominic Nwagbo, a native of Nigeria, petitions for review of the Board of Immigration Appeals' denial of his motion to terminate removal proceedings.  We dismiss the petition for lack of jurisdiction.

I.

Nwagbo entered the United States in 1994.  He married a U.S. citizen in 1995, and became a legal permanent resident in 1997.  On June 12, 2000, Nwagbo was convicted of conspiracy to possess, and aiding and abetting in the possession of, counterfeited obligations of the United States with intent to defraud, in violation of 18 U.S.C. §§ 2, 371, and 472.

On September 20, 2001, the then-Immigration and Naturalization Service (INS) served Nwagbo with a Notice to Appear (NTA) before an Immigration Judge (IJ).  The NTA charged Nwagbo with being removable under 8 U.S.C. § 1227(a)(2)(A)(i), for having been convicted of a crime of moral turpitude.  On April 17, 2002, the INS also charged Nwagbo with being removable under § 1227(a)(2)(A)(iii), for having been convicted of an aggravated felony.

Nwagbo denied both charges of removability on April 19, 2005.  On October 21, 2005, Nwagbo filed an application for naturalization with the now-Department of Homeland Security.  The following week, he filed a motion with the IJ to terminate his removal proceedings on the basis of the pending naturalization application, pursuant to 8 C.F.R. § 1239.2(f).

On December 13, 2005, Nwagbo appeared before the IJ for a hearing.  The IJ found that Nwagbo was removable as charged.  The IJ also denied Nwagbo's motion to terminate, and ordered him removed to Nigeria.  Nwagbo appealed the IJ's decision to the Board of Immigration Appeals (BIA), which affirmed and dismissed the appeal on May 16, 2007.

This petition for review, in which Nwagbo challenges only the IJ and BIA's finding that he is removable for having been convicted of an aggravated felony, followed.

II.

As an initial matter, our jurisdiction to review Nwagbo's petition is limited. Pursuant to 8 U.S.C. § 1252(a)(2)(C), "no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section . . . 1227(a)(2)(A)(iii)," namely, an aggravated felony. That said, "we retain jurisdiction to consider the limited question of whether the petitioner is removable as a matter of law." *Patel v. Ashcroft*, 401 F.3d 400, 406 (6th Cir. 2005). Here, that "limited question" is whether a conviction for violating 18 U.S.C. § 472 is an aggravated felony under the Immigration and Nationality Act (INA). If so, Nwagbo is properly removable under 8 U.S.C. § 1227(a)(2)(A)(iii), and we must dismiss the petition for lack of jurisdiction.

The INA lists the criminal offenses that constitute aggravated felonies for immigration purposes. *See* INA § 101(a)(43), 8 U.S.C. § 1101(a)(43). Those include any "offense relating to . . . counterfeiting[.]" INA § 101(a)(43)(R), 8 U.S.C. § 1101(a)(43)(R). The government charged—and both the IJ and BIA concluded—that Nwagbo's conviction under 18 U.S.C. § 472 was such an offense.

Whether an offense constitutes an aggravated felony under the INA is a purely legal question that we review *de novo*. *Patel*, 401 F.3d at 407. Section 472 provides:

> Whoever, with intent to defraud, passes, utters, publishes, or sells, or attempts to pass, utter, publish, or sell, or with like intent brings into the United States or keeps in possession or conceals any falsely made, forged, counterfeited, or altered obligation or other security of the United States, shall be fined under this title or imprisoned not more than 20 years, or both.

"[T]o convict a defendant under § 472, the government must prove 1) the false bill passed or possessed is counterfeit, 2) the defendant intended to use the false bill to defraud, and 3) the defendant passed or possessed the false bill." *United States v. Wethington*, 141 F.3d 284, 287 (6th Cir. 1998).

Nwagbo argues that he did not commit "an offense relating to . . . counterfeiting" because he "did not engage in the overt act of counterfeiting," and instead joined the conspiracy after the actual counterfeiting was completed. Pet'r Br. at 7. Three other circuits have rejected a similar or identical argument. *See Kamagate v. Ashcroft*, 385 F.3d 144, 154

(2d Cir. 2004) ("the requirement that the security at issue . . . be counterfeit coupled with the element of deceitful intent suffice" to make uttering or possessing counterfeit securities, in violation of 18 U.S.C. § 513(a), an offense "related to" counterfeiting); *Albillo-Figueroa v. INS*, 221 F.3d 1070, 1073 (9th Cir. 2000) (the "requisite knowledge and intent to defraud is sufficient to make a conviction under 18 U.S.C. § 472 one that is 'related to' the act of counterfeiting itself"); *see also Park v. Att'y Gen.*, 472 F.3d 66, 72 (3d Cir. 2006) ("Considering the broad reach of the term 'relating to,' certainly [18 U.S.C. § 2320,] which prohibits the knowing use of a counterfeit mark . . . codifies an offense related to counterfeiting"). Indeed, the IJ here adopted the reasoning of *Kamagate* and *Albillo-Figueroa*.

We reject the argument as well, and hold that "[s]ection 101(a)(43)(R) [of the INA] necessarily covers a range of activities beyond those of counterfeiting or forgery itself." *Albillo-Figueroa*, 221 F.3d at 1073. To limit that section to cases of actual counterfeiting would be to read the phrase "relating to" out of the statute.

Because Nwagbo's conviction constitutes an aggravated felony as defined by INA § 101(a)(43)(R), the IJ and BIA properly concluded that he is removable under 8 U.S.C. § 1227(a)(2)(A)(iii). Consequently, we dismiss the petition for lack of jurisdiction. *See* 8 U.S.C. § 1252(a)(2)(C).