**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0180n.06

**No. 09-4115**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
**Mar 25, 2011**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| SUSHILL VIDIA TOTA-MAHARAJ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| V. | ) | ON PETITION FOR REVIEW |
| | ) | FROM A FINAL ORDER OF |
| ERIC H. HOLDER, JR., UNITED STATES | ) | THE BOARD OF |
| ATTORNEY GENERAL, | ) | IMMIGRATION APPEALS |
| | ) | |
| Respondent. | ) | |

Before:    GUY, BOGGS, and GIBBONS, Circuit Judges.

BOGGS, Circuit Judge.  In this immigration case, Sushill Vidia Tota-Maharaj, a native and citizen of Trinidad & Tobago, appeals the decision of the Board of Immigration Appeals (the "Board") denying his claims for withholding of removal under § 241(b)(3) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1231(b)(3), and protection under the United Nations Convention Against Torture ("CAT"), 8 C.F.R. §§ 1208.16–1208.18.  Because Tota-Maharaj is subject to removal on grounds that this court lacks jurisdiction to review, we deny his petition.

Tota-Maharaj entered the United States in 1993 without being admitted or paroled.  He became well acquainted with the United States criminal court system, and his record includes three felony convictions:  receipt of stolen property (March 2008); possession of a controlled substance (February 2007); and embezzlement (November 2006).  On October 1, 2008, the Department of

Homeland Security served Tota-Maharaj with a Notice to Appear ("NTA") and placed him in removal proceedings.

The NTA alleged Tota-Maharaj was subject to removal on three separate grounds: 1) entering the United States without inspection; 2) having a controlled substance conviction; and 3) having committed a crime of moral turpitude (embezzlement and/or receipt of stolen property). Tota-Maharaj did not and does not challenge these charges. Instead, he filed applications requesting asylum and withholding of removal under § 241(b)(3) of the INA, and protection under CAT. The immigration judge ("IJ") denied all three applications. She found that "all charges of removability are sustained in this matter by clear and convincing evidence," and ordered that Tota-Maharaj be deported "on the charges contained in the Notice to Appear."

Tota-Maharaj appealed the denial of withholding of removal and CAT protection to the Board. The Board dismissed the appeal, affirming the IJ. Tota-Maharaj then timely filed a petition for review with this court, arguing that the Board should be reversed because its factual determinations were not supported by substantial evidence.

Congress provides this court with exclusive jurisdiction to review a final order of removal. INA §§ 242(a)(1) and (a)(5), 8 U.S.C. §§ 1252(a)(1) and (a)(5). However, Congress has restricted the review of removal orders against criminal aliens. The INA provides: "No court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered" under certain sections of the INA. INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C). Criminal offenses so designated include crimes of moral

turpitude, INA § 212(a)(2)(A)(i)(I), 8 U.S.C. § 1182(a)(2)(A)(1), and violation of any law or regulations related to a controlled substance. INA § 212(a)(2)(A)(i)(II), 8 U.S.C. § 1182(a)(2)(A)(2).

Notwithstanding the jurisdictional limits imposed by Congress, courts of appeals retain jurisdiction to review "constitutional claims or questions of law raised upon a petition for review," even in cases where removal is ordered based on crimes of moral turpitude or violations involving controlled substances. INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D); *see Nwagbo v. Holder*, 571 F.3d 508, 510 (6th Cir. 2009) ("[W]e retain jurisdiction to consider the limited question of whether the petitioner is removable as a matter of law.") (quoting *Patel v. Ashcroft*, 401 F.3d 400, 406 (6th Cir. 2005)).

The United States argues that this court lacks jurisdiction over Tota-Maharaj's petition for review on two of his three counts of removability—conviction of a crime involving moral turpitude and violation of a controlled substance law. INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C). Tota-Maharaj does not challenge his underlying criminal convictions, nor does he raise any constitutional claims for relief. He makes no arguments that this court has jurisdiction over those two counts, and no case law has been found to support such a proposition. Absent an exception, this court lacks jurisdiction to review the order of removal based on these two charges of removability.

Although we do retain jurisdiction to review removal orders based on a charge that an alien is present in the United States without being admitted or paroled, INA § 212(a)(6)(A)(I), we need not reach the merits of this charge, because Tota-Maharaj must be removed from the United States on the other two counts, which we lack jurisdiction to reverse or remand. The petition for review is therefore DENIED.