RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 18a0180p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

SHAHZAD RAJA,

*Petitioner*,

*v.*

No. 17-3502

JEFFERSON B. SESSIONS, III, Attorney General,

*Respondent*.

On Petition for Review from the Board of Immigration Appeals;
No. A 076 506 882/

Argued:  August 9, 2018

Decided and Filed:  August 21, 2018

Before:  GILMAN and DONALD, Circuit Judges; HOOD, District Judge.[*]

_____

## COUNSEL

**ARGUED:**  David B. Thronson, MICHIGAN STATE UNIVERSITY, East Lansing, Michigan, for Petitioner.  Neelam Ihsanullah, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.  **ON BRIEF:**  David B. Thronson, MICHIGAN STATE UNIVERSITY, East Lansing, Michigan, for Petitioner.  Neelam Ihsanullah, Anthony C. Payne, Janette L. Allen, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.  Shahzad Raja, Chardon, Ohio, pro se.

_____

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

---

**OPINION**

---

RONALD LEE GILMAN, Circuit Judge.  Shahzad Raja, a native and citizen of Pakistan, petitions for judicial review of a decision by the Board of Immigration Appeals (BIA).  That decision affirmed an immigration judge's (IJ's) determination that Raja was removable pursuant to 8 U.S.C. § 1182(a)(2)(A)(i)(II) for a 1996 conviction under Pennsylvania's controlled-substances statute.  Because the Pennsylvania statute under which Raja was convicted is divisible and because the portion of the statute under which he was charged is a categorical match to § 1182(a)(2)(A)(i)(II), we **DENY** his petition for review.

Raja first entered the United States in 1990 without inspection.  In February 1996, Raja pleaded guilty in Jefferson County, Pennsylvania, to a charge of possession with intent to deliver a controlled substance, in violation of Pennsylvania Consolidated Statutes, Title 35, § 780-113(a)(30) (1996), and was sentenced to 3 to 23.5 months' imprisonment.  The charging documents reveal that Raja was stopped in a rental vehicle for a speeding violation in 1995, at which time the arresting officers found 32.5 ounces of marijuana in the trunk.  He served 90 days in a Pennsylvania prison and completed approximately 17.5 months of probation.  Notwithstanding this conviction, Raja was granted lawful-permanent-resident status in October 1998.

In 2007, Raja traveled to Pakistan to visit his family.  Upon his return, he was held at JFK International Airport after officials there discovered his prior arrest and conviction.  Raja admitted to the conviction and to providing a fraudulent Social Security number to the officers at the time of his 1995 arrest.  The Government initiated removal proceedings against Raja based on his violation of Pennsylvania law on the ground that it "relat[ed] to a controlled substance" as defined in 21 U.S.C. § 802.  *See* 8 U.S.C. § 1182(a)(2)(A)(i)(II).

After three hearings, the IJ found Raja removable for a controlled-substance offense.  The IJ later found Raja ineligible for a waiver of inadmissibility, *see* 8 U.S.C. § 1182(c), because he had never lawfully adjusted to lawful-permanent-resident status due to his prior conviction.  In

September 2013, the IJ denied Raja's motion to reconsider that Raja based upon the holding in *Moncrieffe v. Holder*, 569 U.S. 184 (2013). But the IJ found the case inapplicable to the violations committed by Raja. At Raja's final hearing in January 2014, the IJ issued an oral decision incorporating his prior decisions and found Raja removable as charged.

Raja appealed to the BIA, arguing that the IJ had erred in denying him a waiver of inadmissibility and that the IJ had misapplied *Moncrieffe*. In May 2015, the BIA dismissed Raja's appeal and ordered voluntary departure within 60 days. Raja then filed a motion to reconsider because his counsel had not received the 2014 hearing transcript and briefing schedule from the BIA. The BIA reopened the case, granted Raja's motion to reconsider, and vacated its May 2015 order.

In April 2017, the BIA delivered its final decision regarding Raja's application for a waiver of inadmissibility and motion for reconsideration. It dismissed Raja's appeal. The BIA found that the IJ correctly distinguished the prior offense discussed in *Moncrieffe* from the controlled-substance violation committed by Raja in 1995 and that the IJ correctly found the Pennsylvania statute to be divisible with regard to the type of substance involved. The BIA thus found that the IJ had properly resorted to the record of conviction to uphold the charge of removability. Raja filed a timely petition to review the April 2017 final order of removal.

"Where the BIA reviews the immigration judge's decision and issues a separate opinion, rather than summarily affirming the immigration judge's decision, we review the BIA's decision as the final agency determination." *Shaya v. Holder*, 586 F.3d 401, 405 (6th Cir. 2009) (quoting *Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009)). To the extent that the BIA adopts the IJ's reasoning, we review the IJ's decision. *Khalili*, 557 F.3d at 435.

Under 8 U.S.C. § 1182(a)(2)(A)(i)(II), an alien who is convicted of violating any state or federal law "relating to a controlled substance (as defined in section 802 of Title 21)" is inadmissible to the United States. Because Raja was found removable pursuant to § 1182(a)(2)(A)(i)(II), our jurisdiction to review the BIA's final order of removal is limited to constitutional claims and questions of law. *See* 8 U.S.C. § 1252(a)(2)(C), (D); *Nwagbo v. Holder*, 571 F.3d 508, 510 (6th Cir. 2009). Therefore, our jurisdiction extends only to determine

whether the BIA properly concluded that section 780-113(a)(30), the Pennsylvania statute at issue, is a controlled-substance offense under 8 U.S.C. § 1182(a)(2)(A)(i)(II). *See Nwagbo*, 571 F.3d at 510. We review de novo questions of law and will uphold the BIA's interpretation of the INA "unless the interpretation is arbitrary, capricious, or manifestly contrary to the statute." *Umana-Ramos v. Holder*, 724 F.3d 667, 670 (6th Cir. 2013) (quoting *Khalili*, 557 F.3d at 435).

As the Government acknowledges, a categorical approach applies to determine whether a state conviction constitutes a predicate offense relating to a controlled substance within the context of a removal decision under § 1182(a)(2)(A). *See Mellouli v. Lynch*, 135 S. Ct. 1980, 1986 (2015). Therefore, Raja's Pennsylvania conviction "triggers removal only if, by definition, the underlying crime falls within a category of removable offenses defined by federal law." *Id*. The parties do not dispute that the Pennsylvania statute, at the time of Raja's conviction, included controlled substances that are not listed in the federal schedule in the Controlled Substances Act. Therefore, it is not a categorical match to § 1182(a)(2)(A)(i)(II).

The categorical approach is modified, however, with respect to "state statutes that contain several different crimes, each described separately." *Moncrieffe*, 569 U.S. at 190–91; *see also Mellouli*, 135 S. Ct. at 1986 n.4. Under this "modified-categorical approach," the adjudicator can determine the particular offense of conviction "by examining the charging document and jury instructions, or in the case of a guilty plea, the plea agreement, plea colloquy," or other comparable judicial records. *Moncrieffe*, 569 U.S. at 190–91. This approach may be applied only when the state statute in question is "divisible," setting forth "multiple alternative elements," as opposed to "various factual means of committing a single element." *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016); *see also Descamps v. United States*, 570 U.S. 254, 264–65 (2013).

For guidance in determining whether a statute sets forth alternative elements or simply multiple means, courts look to "authoritative sources of state law" such as state-court cases and the statute itself. *Mathis*, 136 S. Ct. at 2256. Courts may also "peek" at the record of conviction if the state-law sources do not demystify the issue, but only for "the sole and limited purpose of determining whether [the listed items are] element[s] of the offense." *Id.* at 2256–57 (alterations

in original) (quoting *Rendon v. Holder*, 782 F.3d 466, 473–74 (9th Cir. 2015) (Kozinski, J., dissenting from denial of reh'g en banc)).

Relying on the Third Circuit's analysis of the Pennsylvania law in question, *see United States v. Henderson*, 841 F.3d 623 (3d Cir. 2016); *United States v. Abbott*, 748 F.3d 154 (3d Cir. 2014), the BIA determined that section 780-113(a)(30) was "divisible." The BIA then applied the modified-categorical approach and found that the criminal complaint from Raja's 1996 conviction charged that he "knowingly and unlawfully possess[ed] with intent to deliver a certain controlled substance, to wit; approx. 32½ ounces of MARIJUANA an [sic] Schedule I NON-NARCOTIC controlled substance." Because a marijuana-possession conviction qualifies as a controlled-substance offense under § 1182(a)(2)(A), the BIA affirmed the IJ's removal order.

The Third Circuit caselaw referenced by the BIA relied on *Commonwealth v. Swavely*, 554 A.2d 946 (Pa. Super. Ct. 1989), to conclude that each type of controlled substance is a separate element of section 780-113(a)(30). *Henderson*, 841 F.3d at 628–29; *Abbott*, 748 F.3d at 158–59 & n.4. In *Swavely*, the Pennsylvania Superior Court held that a defendant's constitutional right against double jeopardy had not been violated when a sentencing court imposed two separate sentences consecutively for the defendant's delivery of two different controlled substances in a single vial. 554 A.2d at 947, 949. Because "[e]ach offense include[d] an element distinctive of the other, *i.e.*, the particular controlled substance," the Pennsylvania Superior Court concluded that the defendant's consecutive sentence for delivery of the two separate controlled substances did not violate the Fifth Amendment's Double Jeopardy Clause. *Id.* at 949.

Raja contends that the Third Circuit's reliance on *Swavely* was misplaced. Although he acknowledges that the *Swavely* court described each particular controlled substance at issue as an "element" of section 780-113(a)(30), he argues that the court's use of that term was "offhand" and inconsistent with other Pennsylvania caselaw. He specifically identifies *Commonwealth v. Aponte*, 855 A.2d 800, 808–09 (Pa. 2004), as a superior guide for determining whether section 780-113(a)(30) is a divisible statute.

In *Aponte*, the sentencing court applied a recidivist enhancement to a conviction under section 780-113(a)(30), and the defendant appealed, arguing that the prosecution was required to prove at trial that the defendant had been previously convicted of the same crime.  855 A.2d at 802.  The Supreme Court of Pennsylvania disagreed, holding that because

> the offense of possession with intent to deliver is completely and exclusively defined in § 780-113(a)(30)[,] the recidivist provision of § 780-115(a) is a sentence enhancement, separate from the elements of possession with intent to deliver, and it does not transpose prior convictions for that offense into a substantive element of § 780-113(a)(30).

*Id.* at 809.

Like the recidivist provision at issue in *Aponte*, the various controlled substances regulated by section 780-113(a)(30) appear in a different part of Pennsylvania's statutes, *see* 35 Pa. Cons. Stat. § 780-104, and yet another statutory provision imposes different sentences for convictions under section 780-113(a)(30) depending on the controlled substance involved, *see id.* § 780-113(f).  By analogy, Raja argues that the particular type of a controlled substance is not an element of section 780-113(a)(30) in the same way that a defendant's prior conviction is not an element of the crime when the recidivist enhancement is applied.

*Aponte*'s language is certainly helpful to Raja's case.  Its context, however, is not.  Because *Aponte* deals with a sentencing enhancement rather than a substantive offense, that case does not provide a conclusive answer to whether the type of controlled substance is an element that must be proved to convict a defendant under section 780-113(a)(30).  *Swavely* offers much more helpful guidance on that case-determinative issue than *Aponte* does, and not solely because the *Swavely* court used the word "element" to describe the variety of the controlled substance in a section 780-113(a)(30) conviction.  More importantly, *Swavely*'s outcome persuades us that the statute is divisible.

Again, *Swavely* upheld consecutive sentences for the delivery of two different controlled substances in a single vial under the Fifth Amendment's Double Jeopardy Clause.  554 A.2d at 947, 949.  "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions," a defendant can be charged with both crimes without violating the Double Jeopardy Clause if one of the charged offenses "requires proof of a different element" than the other

offense requires. *Blockburger v. United States*, 284 U.S. 299, 304 (1932). The *Swavely* court's affirmance of the defendant's consecutive sentences therefore depended on its conclusion that each type of controlled substance is a separate element of section 780-113(a)(30). Raja's interpretation of section 780-113(a)(30)—i.e., that each type of controlled substance is only a means of committing the crime—would dictate the opposite outcome in *Swavely* and thus cannot be correct.

We therefore agree with the Third Circuit that *Swavely* establishes that section 780-113(a)(30) is a divisible statute, thus permitting the modified-categorical approach to be used in determining whether Raja is removable based on his conviction under that statute. *See Mathis*, 136 S. Ct. at 2249. The criminal complaint that led to Raja's conviction charged him with possession with intent to deliver marijuana, which is among the controlled substances that appear in the federal schedules, 21 U.S.C. § 812(c), Schedule I(c)(10). Accordingly, the IJ and the BIA correctly concluded that Raja is removable under 8 U.S.C. § 1182(a)(2)(A)(i)(II).

## CONCLUSION

For all of the reasons set forth above, we **DENY** Raja's petition for review.