NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0262n.06

No. 24-3672

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
May 27, 2025
KELLY L. STEPHENS, Clerk

LEURY B. BACILIO ROA,

    Petitioner,

v.

PAMELA BONDI, Attorney General,

    Respondent.

)
)
)
)
)
)
)
)
)
)

ON PETITION FOR REVIEW
FROM THE UNITED STATES
BOARD OF IMMIGRATION
APPEALS

OPINION

Before: BOGGS, LARSEN, and DAVIS, Circuit Judges.

LARSEN, Circuit Judge. Leury Bacilio Roa is a native and citizen of the Dominican Republic, who was admitted to the United States as a lawful permanent resident. He was convicted of multiple drug offenses in Pennsylvania and was subsequently ordered removed by an Immigration Judge (IJ). The Board of Immigration Appeals (BIA) dismissed his appeal. He now petitions this court for review of the BIA's decision, arguing that his Pennsylvania convictions do not constitute removable offenses. Because Bacilio Roa is properly removable, we DISMISS his petition for lack of jurisdiction.

I.

Bacilio Roa is a native and citizen of the Dominican Republic who was admitted to the United States as a lawful permanent resident on September 3, 2004. On November 21, 2022, he was convicted of manufacturing, delivering, or possessing with the intent to manufacture or deliver five kilograms of cocaine, in violation of 35 Pa. Cons. Stat. § 780-113(a)(30), and conspiracy to

manufacture, deliver, or possess with intent to manufacture or deliver cocaine, in violation of 18 Pa. Cons. Stat. § 18-903. He was sentenced to 23 months of imprisonment.

As a result of Bacilio Roa's convictions, the Department of Homeland Security (DHS) charged him with removability, citing three grounds: having been convicted of a violation involving a controlled substance, 8 U.S.C. § 1227(a)(2)(B)(i); having been convicted of an aggravated felony as defined in 8 U.S.C. § 1101(a)(43)(B), *i.e.*, an offense involving illicit trafficking in a "controlled substance," as defined in section 101 of the Controlled Substances Act (CSA), 8 U.S.C. § 1227(a)(2)(A)(iii); and having been convicted of an attempt or conspiracy to commit an aggravated felony as defined in 8 U.S.C. § 1101(a)(43)(U), 8 U.S.C. § 1227(a)(2)(A)(iii). Bacilio Roa denied the charges and filed a motion to terminate his removal proceedings.

On November 9, 2023, the IJ denied Bacilio Roa's motion to terminate and sustained the removal charges against him. Bacilio Roa applied for withholding of removal under 8 U.S.C. § 1231(b)(3) and withholding or deferral of removal under the Convention Against Torture (CAT), *see* 8 C.F.R. § 1208.17(a). Following a merits hearing, the IJ denied his applications. The Board dismissed Bacilio Roa's appeal.

Bacilio Roa timely filed a petition for review. While his petition was pending, he moved for a stay of removal, which this court denied.

## II.

Under 8 U.S.C. § 1252(a)(2)(C), we lack jurisdiction to review a "final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section . . . 1227(a)(2)(A)(iii), [or] (B)." However, we retain jurisdiction to consider constitutional claims and questions of law. *See* 8 U.S.C. § 1252(a)(2)(D). Here, Bacilio Roa argues that his

conviction for violating 35 Pa. Cons. Stat. § 780-113(a)(30) does not constitute a removable offense under 8 U.S.C. § 1227(a)(2)(A)(iii) (drug-trafficking aggravated felony) or 8 U.S.C. § 1227(a)(2)(B)(i) (controlled-substance offense). This is a question of law that we review de novo.[1] *Tantchev v. Garland*, 46 F.4th 431, 434 (6th Cir. 2022). So we retain jurisdiction to decide it. But if we determine that Bacilio Roa is properly removable, then "we must dismiss the petition for lack of jurisdiction." *Nwagbo v. Holder*, 571 F.3d 508, 510 (6th Cir. 2009).

III.

Under 8 U.S.C. § 1227(a)(2)(B)(i), an alien is subject to removal if he "has been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State . . . relating to a controlled substance (as defined in section 802 of Title 21)." "Section 1227(a)(2)(B)(i) incorporates 21 U.S.C. § 802, which limits the term 'controlled substance' to a 'drug or other substance' included in one of five federal schedules." *Mellouli v. Lynch*, 575 U.S. 798, 801 (2015) (citing 21 U.S.C. § 802(6)). Cocaine is listed as a controlled substance under the CSA. *See* 21 U.S.C. § 812(c), sched. II(a)(4); 21 C.F.R. § 1308.12(b)(4).

Under 8 U.S.C. § 1227(a)(2)(A)(iii), an alien "who is convicted of an aggravated felony at any time after admission is deportable." The definition of "aggravated felony" under the Immigration and Nationality Act (INA) includes "a host of offenses." *Moncrieffe v. Holder*, 569 U.S. 184, 188 (2013) (citing 8 U.S.C. § 1101(a)(43)). One of those is "illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)." 8 U.S.C. § 1101(a)(43)(B). As relevant here, § 924(c)

---

[1] Bacilio Roa does not challenge the Board's denial of his withholding-of-removal and CAT-protection applications, so we do not review the Board's decision as it relates to those claims. *See Hopkins Cnty. Coal, LLC v. Acosta*, 875 F.3d 279, 286 n.7 (6th Cir. 2017) ("It is well established that an issue not raised in a party's briefs on appeal may be deemed waived." (citation omitted)).

defines a "drug trafficking crime" as "any felony punishable under the [CSA] . . . . 18 U.S.C. § 924(c)(2). "[F]or purposes of § 924(c)(2) the crimes the CSA defines as 'felonies' are those crimes to which it assigns a punishment exceeding one year's imprisonment." *Lopez v. Gonzales*, 549 U.S. 47, 56 n.7 (2006). And a state offense constitutes a "'felony punishable under the [CSA]' only if it proscribes conduct punishable as a felony under that federal law." *Id.* at 60.

IV.

Generally, we employ the categorical approach to determine whether a state conviction triggers removal under the INA. *Moncrieffe*, 569 U.S. at 190. Under this approach, we look to whether "the state statute defining the crime of conviction categorically fits within the generic federal definition of a corresponding [federal statute]." *Id.* (internal quotation marks and citation omitted). Here, the parties agree that the "Pennsylvania controlled substance schedules include at least one controlled substance, . . . which is not on the federal controlled substance schedules." Petitioner Br. at 7. Because the state statute criminalizes more conduct than the removable federal offense, Bacilio Roa contends that a conviction under 35 Pa. Cons. Stat. § 780-113(a)(30) is not a categorical match for 8 U.S.C. § 1227(a)(2)(A)(iii) or 8 U.S.C. § 1227(a)(2)(B)(i).

But not all statutes are susceptible to this simple categorical approach. Some statutes "list elements in the alternative, and thereby define multiple crimes." *Mathis v. United States*, 579 U.S. 500, 505 (2016). In the parlance of the categorical approach, such statutes are "divisible." *Id.* And when this is the case, we employ a "modified categorical approach," which allows a court to examine certain documents from the record of a conviction "to determine what crime, with what elements, a defendant was convicted of" before comparing that crime's elements to those of the corresponding federal offense. *Id.* at 505–06; *see also Moncrieffe*, 569 U.S. at 190–91.

Here, the parties dispute whether the Pennsylvania statute, 35 Pa. Cons. Stat. § 780-113(a)(30), is divisible. But we have already answered that question in binding authority, concluding that the statute is divisible. *See Raja v. Sessions*, 900 F.3d 823, 829 (6th Cir. 2018). Bacilio Roa asks us to overturn *Raja*. But a panel of this court generally may not overrule published authority; only the en banc court may do so. *United States v. Moody*, 206 F.3d 609, 615 (6th Cir. 2000). Alternatively, we may overrule published authority only when intervening U.S. Supreme Court authority mandates modification, or, in a case interpreting state law, when intervening state court authority requires a contrary result. *See id.*; *Rutherford v. Columbia Gas*, 575 F.3d 616, 619 (6th Cir. 2009); *see also Big Lots Stores, Inc. v. Luv N' Care, Ltd.*, 302 F. App'x 423, 427 (6th Cir. 2008) ("We are bound by [a prior published case that interpreted state law] unless [the state] law has measurably changed in the meantime.").

Bacilio Roa primarily argues that *Raja* erred by relying on *Commonwealth v. Swavely*, 554 A.2d 946 (Pa. Super. Ct. 1989), to conclude that § 780-113(a)(30) is divisible. In *Swavely*, the Pennsylvania Superior Court concluded that, for double-jeopardy purposes, each type of controlled substance constitutes a separate "element" of § 780-113(a)(30). 554 A.2d at 949. Our decision in *Raja* relied on *Swavely* to conclude that § 780-113(a)(30) is a divisible statute, permitting resort to the modified-categorical approach to determine an alien's removability for a conviction under that statute. *Raja*, 900 F.3d at 829. We are not alone in that approach. The Third Circuit has also relied upon *Swavely* to reach the same conclusion. *See United States v. Abbott*, 748 F.3d 154, 159 n.4 (3d Cir. 2014); *see also United States v. Henderson*, 841 F.3d 623, 629 (3d Cir. 2016); *Singh v. Att'y Gen.*, 839 F.3d 273, 284 (3d Cir. 2016) (listing cases). And, in Pennsylvania, "*Swavely* continues to be good law." *Commonwealth v. Sinanan*, 292 A.3d 1082 (Pa. Super. Ct. 2023) (table). Whatever the attack on *Swavely*, *Raja* is still binding authority in our circuit.

The same response disposes of Bacilio Roa's reliance on *Commonwealth v. Aponte*, 855 A.2d 800 (Pa. 2004) and *Commonwealth v. Sweeting*, 528 A.2d 978 (Pa. Super. Ct. 1987). Our opinion in *Raja* considered *Aponte* and found it distinguishable. *See Raja*, 900 F.3d at 828–29. We cannot revisit that conclusion here. Like *Aponte*, *Sweeting* was decided before our decision in *Raja*. The *Sweeting* case is therefore not an intervening state-court authority, and, in any event, it doesn't require a contrary result. *See Rutherford*, 575 F.3d at 619. *Sweeting* analyzed the mens rea required for a § 780-113(a)(30) violation, not whether the identity of the controlled substance is an element of that offense. 528 A.2d at 980.

Bacilio Roa comes closer by directing our attention to two decisions that post-date *Raja*: *Commonwealth v. Ramsey*, 214 A.3d 274 (Pa. Super. Ct. 2019) and *Commonwealth v. Beatty*, 227 A.3d 1277 (Pa. Super. Ct. 2020). Both cases contain language that suggests tension with *Swavely*'s determination that the particular drug that is delivered constitutes an "element" of § 780-113(a)(30). *See Ramsey*, 214 A.3d at 278 (citing the appellant's brief with seeming approval, for the proposition that: "there is nothing in the plain language of [s]ection 780-113(a)(30) that states that the particular drug delivered is an element of the offense—all that is required is that a controlled substance is delivered" (alteration in original)); *Beatty*, 227 A.3d at 1285 ("[T]he specific identity of the controlled substance is not an element of the offense. The identity is only relevant for gradation and penalties based on the relevant schedule."). And, indeed, the Third Circuit recently asked the Pennsylvania Supreme Court to clarify whether *Beatty*'s language should be read to refute its previous reading of *Swavely*. *See Santos v. Att'y Gen.*, No. 22-2072 (3d Cir. Oct. 11, 2024) (certifying the issue to the Pennsylvania Supreme Court based, in part, on the language in *Beatty*). But the Pennsylvania Supreme Court declined to answer that question. *Santos v. Att'y Gen.*, No. 66 EM 2024, 2025 Pa. Lexis 128 (Pa. Jan. 27, 2025) (denying

petition for certification). And we are not convinced that the ruling in either Pennsylvania state case would permit us to overturn our binding precedent.

In *Ramsey*, the court was asked whether the trial court had violated Ramsey's double-jeopardy protections by separately sentencing him on two counts of delivery of a controlled substance where a single delivery of a compound mixture containing inseparable controlled substances occurred. 214 A.3d at 277. The court concluded that it was not bound by *Swavely* because the panel there "explicitly distinguished Swavely's delivery of two different, and completely separable, pills from 'the delivery of a mixture or compound, in a single unit, containing a detectable amount of more than one controlled substance.'" *Id.* at 278 (quoting *Swavely*, 554 A.2d at 951). The court went on to hold that the Double Jeopardy Clause did not permit imposing separate sentences for convictions stemming from a single sale of a compound containing inseparable controlled substances. *Id.* So *Ramsey* did not repudiate *Swavely*'s holding that the particular drug delivered is an element of the offense; instead, it created a separate rule applicable in cases involving a single delivery of an inseparable compound mixture containing two or more controlled substances.

*Beatty* did not repudiate *Swavely* either. Indeed, it did not even mention *Swavely*. *Beatty*, 227 A.3d at 1285. And we won't infer an overruling by implication. Moreover, *Beatty*'s holding is not inconsistent with our reading of *Swavely*. *Beatty*, after all, was a conspiracy case, and, in our court, as in others, the "conspiracy is itself the crime." *United States v. Xu*, 114 F.4th 829, 839 (6th Cir. 2024) (quoting *United States v. Campbell*, 279 F.3d 392, 398 (6th Cir. 2002)). So while an indictment "charg[ing] separate offenses within a single count," must be dismissed as "duplicitous," "an *agreement* to commit several crimes," by distributing three different drugs—as was the case in *Campbell*—"is not duplicitous." *Id.* at 838–39 (emphasis added) (citation omitted).

In sum, neither *Ramsey* nor *Beatty* overturn *Swavely*; nor do they permit us to overturn *Raja* due to its reliance on *Swavely*. Because Bacilio Roa has failed to identify a controlling Pennsylvania state decision demonstrating that the state law has "measurably changed," we are bound by our decision in *Raja*. *See Big Lots Stores*, 302 F. App'x at 427. Section 780-113(a)(30) is divisible, and we, therefore, employ the modified-categorical approach.

V.

Under the modified-categorical approach, we may examine certain documents from the record of a conviction (called *Shepard* documents) "to determine what crime, with what elements, [Bacilio Roa] was convicted of" before comparing that crime's elements to the corresponding federal offense establishing removability. *Mathis*, 579 U.S. at 505–06 (citing *Shepard v. United States*, 544 U.S. 13, 26 (2005)); *Moncrieffe*, 569 U.S. at 190–91. Those documents include "the charging document and jury instructions, or in the case of a guilty plea, the plea agreement, plea colloquy, or some comparable judicial record of the factual basis for the plea." *Moncrieffe*, 569 U.S. at 191 (internal quotation marks and citation omitted).

Here, the BIA affirmed the IJ's decision and explained that the IJ properly reviewed Bacilio Roa's criminal information and his plea documents to determine whether he pleaded guilty to an offense involving a federal controlled substance, making his underlying conviction a removable offense. Bacilio Roa admits that he was charged with an offense involving a federally controlled substance, but he contends that no *Shepard*-approved document shows that he "directly admitted that his offense involved a federally controlled substance when he pleaded guilty." Petitioner Br. at 16. We disagree.

A Pennsylvania criminal information is a *Shepard*-approved charging document. *See Evanson v. Att'y Gen.*, 550 F.3d 284, 292–93 (3d Cir. 2008). And the Third Circuit has held that,

under the modified-categorical approach, courts may view the criminal information and the plea documents in tandem to identify the offense of conviction when these materials establish the offense of conviction with "certainty." *See United States v. Ramos*, 892 F.3d 599, 610 (3d Cir. 2018) (citation omitted).

In *Ramos*, the information charged Ramos with first-degree aggravated assault, in violation of 18 Pa. Cons. Stat. § 2702(a)(1), and second-degree aggravated assault, in violation of 18 Pa. Cons. Stat. § 2701(a)(4). 892 F.3d at 610. The information specified that the "deadly weapon" used during the commission of (a)(4) was a brick. *Id.* at 610 n.54. Ramos pleaded guilty, and his plea document stated, "Guilty as F2," which means he pleaded guilty to a second-degree felony. *Id.* at 610. Reviewing these documents, the court was "left with only one conclusion: Ramos pled guilty to the only second-degree felony with which he was charged, namely, second-degree aggravated assault with a deadly weapon, in violation of § 2702(a)(4)." *Id.* And that offense constituted a crime of violence. *Id.*

Here, Bacilio Roa was also charged in a criminal information in the Commonwealth of Pennsylvania. Count One of that information charged him with manufacturing, delivering, or possessing with the intent to manufacture or deliver a controlled substance, in violation of 35 Pa. Cons. Stat. § 780-113(a)(30). The description of the offense lists "Cocaine." *See* AR, PageID 343. Bacilio Roa pleaded guilty to Count One of his criminal information. While neither his written plea colloquy, nor the order for his guilty plea, identifies the controlled substance involved in his conviction, these documents do confirm that he pleaded guilty to Count One of his criminal information; and the record contains no reference to an amended or a superseding charging document. Thus, as in *Ramos*, we are left with one conclusion—Bacilio Roa pleaded guilty to manufacturing, delivering, or possessing with the intent to manufacture or deliver cocaine, which

is a federally controlled substance. *See* 21 U.S.C. § 812(c), sched. II(a)(4); 21 C.F.R. § 1308.12(b)(4).

The BIA, therefore, did not err in relying on Bacilio Roa's plea documents and his criminal information to determine that his conviction involved a federally controlled substance. *See Raja*, 900 F.3d at 829 ("The criminal complaint that led to Raja's conviction charged him with possession with intent to deliver marijuana, which is among the controlled substances that appear in the federal schedules . . . ."). And because his conviction involved a federally controlled substance, the BIA properly determined that it constituted a removable offense under 8 U.S.C. § 1227(a)(2)(A)(iii) (drug trafficking aggravated felony) and 8 U.S.C. § 1227(a)(2)(B)(i) (controlled substance offense).

\* \* \*

For the reasons set forth above, we DIMISS the petition for review for lack of jurisdiction.