528 A.2d 978

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Brett Wess SWEETING, Appellant.**

Superior Court of Pennsylvania.

Submitted April 2, 1987.

Filed July 16, 1987.

Peter T. Campana, Williamsport, for appellant.

Robert L. Miller, Jr., Assistant District Attorney, Willow Grove, for Com.

Before WIEAND, BECK and CERCONE, JJ.

WIEAND, Judge:

The issue in this appeal is whether a person who intended to possess and sell a controlled substance, who believed he was possessing and selling a controlled substance, and who in fact possessed and sold a controlled substance is entitled to be acquitted on charges of knowingly possessing and possessing with intent to deliver a controlled substance because he was mistaken about the precise chemical nature of the controlled substance.

In November, 1984, Brett W. Sweeting sold a small quantity of methamphetamine to Rance Morey, an undercover state trooper, in Lycoming County. On December 5, 1984, Sweeting met Morey in the parking lot of the bus station in State College, Centre County, where he sold to Morey one ounce of a white powder, which Sweeting represented to be methamphetamine, for one thousand ($1,000.00) dollars. When the white powder was later analyzed, it was found to contain 26.5 grams of meperidine, also known as pethidine, a Schedule II controlled narcotic substance. A third meeting between the two men occurred on December 28, 1984 in Lycoming County. The white substance delivered on this final occasion was found not to contain any controlled substance.

Sweeting was arrested and charged in Centre County with possession and possession with intent to deliver meperidine, a Schedule II controlled narcotic substance, as a result of the incident of December 5, 1984. At trial, Sweeting's defense was that he did not know that the white powder delivered to Morey had contained meperidine. Although Sweeting conceded that he had told Morey that the substance contained methamphetamine, the defense argued that Sweeting had attempted to defraud Morey by selling to

him a white powder which Sweeting believed to contain no controlled substance. The trial court, which heard the case without a jury, found Sweeting guilty as charged. A motion in arrest of judgment was denied, and a sentence of imprisonment was imposed. On direct appeal, Sweeting contends that the evidence was insufficient because the Commonwealth failed to prove his knowledge that the powder sold to Morey contained meperidine. We reject this argument and affirm the judgment of sentence.

The test to be applied in determining the sufficiency of the evidence is whether, viewing all the evidence admitted at trial in the light most favorable to the Commonwealth and drawing all reasonable inferences therefrom in favor of the Commonwealth, there was sufficient evidence to enable the trier of fact to find each and every element of the offense beyond a reasonable doubt. *Commonwealth v. Kichline*, 468 Pa. 265, 271, 361 A.2d 282, 285–286 (1976). See also: *Commonwealth v. Sneed*, 514 Pa. 597, 601–602, 526 A.2d 749, 751 (1987).

In the instant case, the court could find from the evidence that Sweeting believed he had methamphetamine in his possession and intended to sell methamphetamine to Trooper Morey. This was consistent with what Sweeting had told Morey at the time of the sale. In fact, however, Sweeting had been mistaken. The substance which he had had in his possession and which he had sold to Trooper Morey was meperidine. Although Sweeting testified that he had believed the powder in his possession to contain neither methamphetamine nor meperidine, the trial court could accept or reject this explanation. Sweeting had himself told Morey at the time of the sale that the powdery substance contained methamphetamine, and he had demanded and received from Morey a price appropriate for methamphetamine. The trial court, therefore, could find that Sweeting had believed that the substance which he had sold to Morey was methamphetamine.

The Controlled Substance, Drug, Device and Cosmetic Act of April 14, 1972, P.L. 233, No. 64, § 13(a)(16) and (30),

as amended, 35 P.S. § 780–113(a)(16) and (30) makes it criminal to "knowingly" possess/possess with intent to deliver a controlled substance. Inasmuch as the legislature has made guilty knowledge an ingredient of the offense, appellant argues, he can be convicted of a violation only if he had knowledge of the precise nature of the controlled substance.

Counsel has not been able to produce a prior decision in which the same issue has been decided by a Pennsylvania appellate court, and our own research has disclosed none.[1] Under slightly different circumstances, however, the California Court of Appeals said:

A person who intends to possess a controlled substance, believes he possesses a controlled substance, and in fact possesses a controlled substance is guilty of [possession of a controlled substance]. The only knowledge that is required to sustain the conviction is knowledge of the controlled nature of the substance. The defendant need not know the chemical name or the precise chemical nature of the substance. Any more stringent rule as to knowledge would, for all practical purposes, make the statute inapplicable to anyone who had not personally performed a chemcial [sic] analysis of the contraband in his possession.

*People v. Garringer*, 48 Cal.App.3d 827, 835, 121 Cal.Rptr. 922, 927 (1975) (citation omitted). See also: *People v. Guy*, 107 Cal.App.3d 593, 600–601, 165 Cal.Rptr. 463, 467–468 (1980); *Weaver v. State*, 145 Ga.App. 194, 196–97, 243 S.E.2d 560, 562 (1978).

We conclude that this analysis is equally applicable to and determinative of the instant case. Although the statute in

---

1. This Court addressed a similar issue on two prior occasions and held on both occasions that specific knowledge of the controlled substance or narcotic was not an essential element of the offenses of possession and possession with intent to deliver. See: *Commonwealth v. Yaple*, 217 Pa.Super. 232, 273 A.2d 346 (1970); *Commonwealth v. Gorodetsky*, 178 Pa.Super. 467, 115 A.2d 760 (1955). These cases, however, were decided on the basis of earlier statutes which contained language different than the present statute, which proscribes knowingly possessing a controlled substance.

Pennsylvania makes criminal knowledge a necessary ingredient of the offense, it is not necessary to show that the defendant knew the precise chemical nature of the controlled substance. In the instant case, the Commonwealth's evidence showed that appellant intended to possess a controlled substance, believed he possessed a controlled substance, and in fact possessed and sold a controlled substance. This was enough to demonstrate the guilty knowledge required by the statute. The possession and sale were criminal notwithstanding appellant's mistaken belief about the precise chemical nature of the substance.

The judgment of sentence is affirmed.