**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JOSHUA RYAN BREHM | : | |
| | : | |
| Appellant | : | No. 1463 WDA 2021 |

Appeal from the Judgment of Sentence Entered July 1, 2021
In the Court of Common Pleas of Cambria County
Criminal Division at No(s): CP-11-CR-0000097-2020

BEFORE: STABILE, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY KING, J.:            **FILED: APRIL 21, 2023**

Appellant, Joshua Ryan Brehm, appeals from the judgment of sentence entered in the Cambria County Court of Common Pleas, following his jury trial convictions for two counts each of possession of a controlled substance and possession of a controlled substance with the intent to deliver ("PWID"), and one count of criminal use of a communication facility.[1] We affirm and grant counsel's petition to withdraw.

The relevant facts and procedural history of this case are as follows. The Commonwealth charged Appellant with the aforementioned offenses in connection with the sale of narcotics to a confidential informant ("CI"). At a

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(16), (30); 18 Pa.C.S.A. § 7512(a), respectively.

jury trial on June 8, 2021, Detective Tom Keirn testified that he was working with a CI who identified Appellant as an individual from whom he could purchase drugs. The CI contacted Appellant by phone and arranged to meet at a shopping plaza to purchase heroin for seventy dollars ($70.00). Prior to meeting Appellant, police searched the CI to ensure that he did not have contraband on his person. Detective Keirn was surveilling the transaction and saw Appellant approach the CI at the agreed upon location and exchange drugs for money. Immediately thereafter, the CI returned to the police vehicle and the officers took possession of the drugs that were purchased.

The CI testified that he worked with Detective Keirn to set up a controlled buy from Appellant. The CI confirmed that he set up the sale over the phone and recognized Appellant's voice as the individual on the line. The CI testified that Appellant met him at the agreed upon location and exchanged drugs for money. The CI stated that he was wearing a recording device during the transaction, and the Commonwealth played the surveillance footage for the jury to corroborate his testimony. Additionally, an expert in the field of drug identification testified that the packet the CI purchased from Appellant contained heroin and fentanyl.

At the conclusion of the evidence, the jury found Appellant guilty of PWID-heroin, PWID-fentanyl, possession of a controlled substance-heroin, possession of a controlled substance-fentanyl, and criminal use of a communication facility. On July 1, 2021, the court sentenced Appellant as

follows: 1) 33 to 66 months' imprisonment for PWID-fentanyl; 2) 27 to 54 months' incarceration for PWID-heroin, to run concurrently with the sentence for PWID-fentanyl; 3) 18 to 36 months' incarceration for criminal use of a communication facility, to run concurrently with the sentence for PWID-fentanyl; and 4) no sentence for the simple possession convictions as a result of merger with the PWID convictions. Appellant filed a post sentence motion on July 12, 2021. In response, the court vacated the sentence imposed for PWID-heroin, finding that it merged with the sentence imposed for PWID-fentanyl. The court otherwise denied Appellant's post trial motion on November 4, 2021. Appellant filed a timely notice of appeal on December 3, 2021. On December 6, 2021, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant timely complied on December 27, 2021.

Preliminarily, appellate counsel seeks to withdraw representation pursuant to **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009). **Anders** and **Santiago** require counsel to: 1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; 2) file a brief referring to anything in the record that might arguably support the appeal; and 3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional

points the appellant deems worthy of review. *Santiago, supra* at 173-79, 978 A.2d at 358-61. Substantial compliance with these requirements is sufficient. *Commonwealth v. Wrecks*, 934 A.2d 1287, 1290 (Pa.Super. 2007).

In *Santiago, supra*, our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to withdraw:

> Neither *Anders* nor *McClendon*[2] requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under *Anders* are references to anything in the record that might arguably support the appeal.
>
> *   *   *
>
> Under *Anders*, the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal.

*Santiago, supra* at 176, 177, 978 A.2d at 359, 360. Thus, the Court held:

> [I]n the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* at 178-79, 978 A.2d at 361. After confirming that counsel has met the

---

[2] *Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185 (1981).

antecedent requirements to withdraw, this Court makes an independent review of the record to confirm that the appeal is wholly frivolous. **Commonwealth v. Palm**, 903 A.2d 1244, 1246 (Pa.Super. 2006). **See also Commonwealth v. Dempster**, 187 A.3d 266 (Pa.Super. 2018) (*en banc*).

Instantly, appellate counsel has filed a petition to withdraw. The petition states counsel conducted a conscientious review of the record and determined the appeal is wholly frivolous. Counsel supplied Appellant with a copy of the brief and a proper letter explaining Appellant's right to retain new counsel or proceed *pro se* to raise any additional issues Appellant deems worthy of this Court's attention. In the **Anders** brief, counsel provides a summary of the facts and procedural history of the case and refers to relevant law surrounding Appellant's issues. Counsel further states the reasons for his conclusion that the appeal is wholly frivolous. Therefore, counsel has substantially complied with the technical requirements of **Anders** and **Santiago**.

Counsel raises the following issue on Appellant's behalf: "Whether there are any nonfrivolous issues regarding the trial court's decision to deny Appellant's Post-Sentence Motion?" (**Anders** Brief at 2). Appellant filed a *pro se* response to the **Anders** brief challenging: (1) the sufficiency of the evidence; and (2) the discretionary aspects of his sentence. (**See** Appellant's

*Pro Se* Response, filed 9/19/22, at 5-8).[3]

Specifically, in his first issue, Appellant argues that the evidence was insufficient to sustain his convictions for simple possession and PWID of fentanyl because the Commonwealth failed to present any evidence that Appellant was aware there was fentanyl in the substance that he sold.

In reviewing a challenge to the sufficiency of the evidence:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [trier] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Tucker*, 143 A.3d 955, 964 (Pa.Super. 2016), *appeal denied*, 641 Pa. 63, 165 A.3d 895 (2017) (quoting *Commonwealth v.*

---

[3] In the argument section of the **Anders** brief, counsel addresses the same issues raised in Appellant's *pro se* response, namely, the sufficiency of the evidence and the discretionary aspects of sentencing. (**See Anders** Brief at 6-10).

*Hansley*, 24 A.3d 410, 416 (Pa.Super. 2011)).

The Controlled Substance, Drug, Device and Cosmetic Act defines the offenses of possession of a controlled substance and PWID as follows:

**§ 780-113.  Prohibited acts; penalties**

(a)    The following acts and the causing thereof within the Commonwealth are hereby prohibited:

\*    \*    \*

(16) Knowingly or intentionally possessing a controlled or counterfeit substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, unless the substance was obtained directly from, or pursuant to, a valid prescription order or order of a practitioner, or except as otherwise authorized by this act.

\*    \*    \*

(30) Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.

35 P.S. § 780-113(a)(16), (30).

In *Commonwealth v. Beatty*, 227 A.3d 1277 (Pa.Super. 2020), this Court addressed a very similar issue where the appellant argued that there was insufficient evidence to sustain his conviction for conspiracy to deliver heroin and fentanyl because there was no evidence the appellant was aware that the substance he delivered contained fentanyl.  In holding that the evidence was sufficient to sustain the conviction, this Court stated:

> The statute defining the offense of [PWID] proscribes delivery of a controlled substance. 18 P.S. 780-113(a)(3). The provision itself does not designate the controlled substance. In other words, the specific identity of the controlled substance is not an element of the offense. The identity is only relevant for gradation and penalties based on the relevant schedule.
>
>         *    *    *
>
> The fact that the substance was heroin with fentanyl, not solely heroin, is of no significance for purposes of establishing the elements of the statute. Heroin and fentanyl are both controlled substances. Moreover, this Court has explained:
>
>> A person who intends to possess a controlled substance, believes he possesses a controlled substance, and in fact possesses a controlled substance is guilty of possession of a controlled substance. The only knowledge that is required to sustain the conviction is knowledge of the controlled nature of the substance. The defendant need not know the chemical name or the precise chemical nature of the substance.
>
> ***Commonwealth v. Sweeting***, [528 A.2d 978, 980 (Pa.Super. 1987)].

***Beatty, supra*** at 1285.

Here, the Commonwealth presented evidence that Appellant communicated with the CI by telephone and agreed to sell heroin to the CI for seventy dollars ($70.00). Additionally, the Commonwealth presented testimonial and video evidence demonstrating that Appellant arrived at the agreed upon location and delivered a packet containing heroin and fentanyl in exchange for money. Viewed in the light most favorable to the Commonwealth as the verdict winner, the evidence was sufficient to

demonstrate that Appellant knowingly possessed and delivered a controlled substance containing both heroin and fentanyl. *See Tucker, supra*. *See also Beatty, supra*. Thus, we agree with appellate counsel that Appellant's challenge to the sufficiency of the evidence is without merit.

Appellant further seeks to challenge the discretionary aspects of his sentence. Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. *Commonwealth v. Watson*, 228 A.3d 928, 935 (Pa.Super. 2020). Prior to reaching the merits of a discretionary aspect of sentencing issue:

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id.* (quoting *Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa.Super. 2013), *appeal denied*, 621 Pa. 682, 76 A.3d 538 (2013)).

When appealing the discretionary aspects of a sentence, an appellant must invoke this Court's jurisdiction by including in his brief a separate concise statement demonstrating a substantial question as to the appropriateness of the sentence under the Sentencing Code. *Commonwealth v. Mouzon*, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f). "The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal

- 9 -

furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to **exceptional** cases." ***Commonwealth v. Phillips***, 946 A.2d 103, 112 (Pa.Super. 2008), *cert. denied*, 556 U.S. 1264, 129 S.Ct. 2450, 174 L.Ed.2d 240 (2009) (emphasis in original) (internal quotation marks omitted).

Instantly, Appellant filed a timely notice of appeal and preserved his challenge to the discretionary aspects of sentencing in a post-sentence motion to modify sentence. Both counsel's ***Anders*** brief and Appellant's *pro se* response contain a Rule 2119(f) statement but neither presents a substantial question for our review. Specifically, counsel concedes: "It would be submitted that in the present case the trial court's sentence of 33 to 66 months is not manifestly excessive, particularly where the trial court considered a number of factors in fashioning its sentence." (***Anders*** Brief at 5). Counsel acknowledged that the court imposed a sentence within the guidelines. Thus, "[c]ounsel for Appellant cannot point to any substantial question that the sentence imposed is not appropriate under the Sentencing Code." (***Id.*** at 7).

In his *pro se* response to the ***Anders*** brief, Appellant baldly claims "the trial court's sentence was unduly harsh given his circumstances and that the court failed to consider the mitigating factors." (Appellant's *Pro Se* Response at 4). This claim also fails to raise a substantial question for our review. ***See***

***Commonwealth v. Disalvo***, 70 A.3d 900 (Pa.Super. 2013) (holding general claim that sentence was excessive because court failed to adequately consider certain mitigating factors did not raise substantial question).

Moreover, "[t]he determination of what constitutes a substantial question must be evaluated on a case-by-case basis." ***Commonwealth v. Anderson***, 830 A.2d 1013, 1018 (Pa.Super. 2003). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Sierra,*** 752 A.2d 910, 912-13 (Pa.Super. 2000).

Additionally,

> Pennsylvania law affords the sentencing court discretion to impose [a] sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. Any challenge to the exercise of this discretion does not raise a substantial question. In fact, this Court has recognized the imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment.

***Commonwealth v. Austin,*** 66 A.3d 798, 808 (Pa.Super. 2013), *appeal denied*, 621 Pa. 692, 77 A.3d 1258 (2013) (internal citations and quotation marks omitted).

Further:

> …Where the sentencing court had the benefit of a [pre-

sentence investigation ("PSI") report], we can assume the sentencing court "was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." ***Commonwealth v. Devers***, 519 Pa. 88, 101-02, 546 A.2d 12, 18 (1988). ***See also Commonwealth v. Tirado***, 870 A.2d 362, 368 (Pa.Super. 2005) (stating if sentencing court has benefit of PSI, law expects court was aware of relevant information regarding defendant's character and weighed those considerations along with any mitigating factors). Further, where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code. ***See Commonwealth v. Cruz-Centeno***, [668 A.2d 536 (Pa.Super. 1995)], *appeal denied*, 544 Pa. 653, 676 A.2d 1195 (1996) (stating combination of PSI and standard range sentence, absent more, cannot be considered excessive or unreasonable).

***Commonwealth v. Moury***, 992 A.2d 162, 171 (Pa.Super. 2010).

Here, the court sentenced Appellant to an aggregate sentence of 33 to 66 months' incarceration. In fashioning this sentence, the court had the benefit of a PSI report and imposed a sentence that was within the standard range. Thus, even if Appellant's claim presented a substantial question for our review, we would see no reason to disrupt the court's sentencing discretion. ***See id.*** To the extent Appellant complains the court should not have imposed the current sentence consecutive to another sentence Appellant was serving on a separate docket in Blair County, this claim likewise affords Appellant no relief.[4] ***See Austin, supra***. Following our independent review

___

[4] The trial court addressed this claim, along with any claim that Appellant's charges in Cambia County should have been tried together with his charges in Blair County, as follows:

*(Footnote Continued Next Page)*

- 12 -

of the record, we agree with counsel that the appeal is wholly frivolous.  **See**

**Palm, supra**.  Accordingly, we affirm and grant counsel's petition to withdraw.

Judgment of sentence affirmed; petition to withdraw is granted.

---

> [T]he court characterizes [Appellant]'s argument as that of a question of whether the rule against double jeopardy would apply to [Appellant] in this particular situation, as he is arguing that the offenses in Blair County and in Cambria County formed a single criminal episode. … The court notes that [Appellant] has not now nor ever provided any evidence, testimony, or argument that [Appellant] could not be tried and convicted of the chares at hand based upon the rule against double jeopardy.
>
> *    *    *
>
> The court agrees with the Commonwealth that there has not been any evidence presented to the court that [Appellant]'s conduct in both Blair and Cambria Counties was an ongoing criminal episode and that the events that occurred were total separate crimes.  Therefore, the court finds that it was not improper for the sentences in Blair and Cambria Counties to be run consecutively and not concurrently.

(Trial Court Opinion, filed 11/4/21, at 3).  We agree with the court's analysis.  There is nothing in the record to indicate that Appellant's convictions in Blair County and Cambria County were part of a single criminal episode.  Further, even if Appellant had established as much, Appellant would not be entitled to relief because the conduct culminating in the instant convictions occurred fully within Cambria County and outside of Blair County.  **See Commonwealth v. Fithian**, 599 Pa. 180, 199, 961 A.2d 66, 77 (2008) (holding that convictions for possession of a controlled substance and PWID were not barred by compulsory joinder statute because they did not occur within the same judicial district as former prosecution; stating: "[W]e hold the General Assembly intended to preclude from the reach of the compulsory joinder statute those current offenses that occurred wholly outside of the geographic boundaries of the judicial district in which the former prosecution was brought, even though part of a single criminal episode").

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  4/21/2023