**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2072
_____

JOSE MIGUEL GERMAN SANTOS

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On Petition for Review of a Final Decision
Of the Board of Immigration Appeals
Agency File No. A 058-197-843
Immigration Judge: Nelson A. Vargas-Padilla
_____

Argued September 20, 2023

Before: RESTREPO, MCKEE and RENDELL, *Circuit Judges.*

(Opinion filed September 22, 2025)
_____

Margaret Kopel (CO ID 54163) [ARGUED]
Jonah Eaton (PA ID 311559)
Nationalities Service Center
1216 Arch Street
4th Floor
Philadelphia, PA 19107

   *Pro Bono Counsel for Petitioner*

*James P. Davy*
*All Rise Trial & Appellate*
*P.O. Box 15216*
*Philadelphia, PA 19125*

*Amicus Counsel for Capital Area Immigrants Rights Coalition*

*Anthony C. Vale*
*Troutman Pepper Locke*
*3000 Two Logan Square*
*18th and Arch Streets*
*Philadelphia, PA 19103*

  *Amicus Counsel for Defender Association of Philadelphia*

Brian Boynton
Princ. Dep. Assistant Attorney General
Civil Division
Lindsay B. Glauner
Senior Litigation Counsel
Criminal Immigration Team
Office of Immigration Litigation
Allison Frayer
Rebekah Nahas [ARGUED]
Imran R. Zaidi
Senior Litigation Counsel
Criminal Immigration Team
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
Rebekah.Nahas@usdoj.gov

  *Counsel for Respondent*

———————

OPINION[*]

———————

RENDELL, *Circuit Judge*.

Jose Miguel German Santos petitions for review of an order of the Board of

Immigration Appeals (BIA) affirming his order of removal. His removability was

———————————

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

predicated on a Pennsylvania state conviction for possession with intent to deliver (PWID) marijuana. Relying on a long line of precedent, the BIA concluded that his PWID conviction was a "controlled substance offense" under the Immigration and Nationality Act (INA). Petitioner primarily urges that changes in Pennsylvania case law have abrogated that line of precedent sub silentio. We disagree and will deny the petition in part and dismiss the petition in part.

## I.

Petitioner is a native and citizen of the Dominican Republic. In 2006, he was admitted to the United States as a legal permanent resident. In October 2016, he hit a pedestrian with his car, and was arrested for, among other things, drunk driving, driving under the influence of a drug, and possession of marijuana with intent to deliver. He pled guilty to, and was convicted of, three counts in state court:

(1) PWID 128.5 grams of marijuana under 35 P.C.S. § 780-113(a)(30),
(2) driving under the influence of a schedule I controlled substance under 75 P.C.S. § 3802(d)(1)(i), and
(3) driving under the influence of a drug under 75 P.C.S. § 3802(d)(2).

*See* AR1183-95.

Based on these convictions, he was charged as removable under 8 U.S.C. § 1227(a)(2)(B)(i), as having committed a "controlled substance offense," and under 8 U.S.C. §§ 1101(a)(43)(B), 1227(a)(2)(A)(iii), as having committed an "aggravated felony." AR1202-05.

Petitioner contested his removability and sought cancellation of removal, asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

An Immigration Judge (IJ) concluded that he was removable because his conviction for PWID under 35 P.S. § 780-113(a)(30) was, indeed, a controlled substance offense. As for his requests for cancellation of removal and asylum, the IJ concluded that he was ineligible because his conviction also constituted an aggravated felony. The IJ then concluded that he was ineligible for withholding of removal because his conviction constituted a particularly serious crime and, even if it did not, the IJ denied withholding on the merits as a matter of discretion. Finally, the IJ denied his CAT application on the merits.

Petitioner appealed to the BIA, which affirmed. He appealed to this Court and we, on an unopposed motion, remanded to the BIA to reconsider its conclusion that German's PWID conviction constituted an aggravated felony.

On remand, the BIA concluded that his conviction for PWID was not an aggravated felony and, therefore, Petitioner was not removable under § 1227(a)(2)(A)(iii). Without addressing whether Petitioner was otherwise removable for having committed a controlled substance offense under § 1227(a)(2)(B)(i), as the IJ had earlier concluded, the BIA further remanded the case to the IJ to consider whether Petitioner was now eligible for relief.

After a hearing, the IJ again noted that Petitioner was removable. Next, the IJ concluded that he was not statutorily barred from discretionary cancellation of removal under the aggravated felony bar, but in an exercise of discretion, again denied him relief. Denial was warranted, the IJ explained, because his crimes of conviction were "significant adverse" factors and because he failed to take responsibility for his offenses.

4

The IJ noted that Petitioner's testimony was not credible due to various inconsistencies. For example, Petitioner urged that the pedestrian he struck with his car had, in fact, run herself into his car and falsely accused him of having struck her.

Petitioner appealed to the BIA, which affirmed. He then petitioned to this Court. After oral argument, and at the suggestion of Petitioner's counsel, we certified the essential question presented in this case to the Pennsylvania Supreme Court:

> Whether the specific identity of the controlled substance is an element of the offense of "possession with intent to deliver" such that the specific identity of the controlled substance must be proven beyond a reasonable doubt to sustain a conviction under 35 P.S. § 780-113(a)(30) and also to determine what minimum and maximum penalties may apply for such conviction.

CM/ECF No. 70 at 11.

It denied the petition. In so denying the petition, the Supreme Court quoted from Pa. R. App. P. 3341(c). Rule 3341(c) provides that "[t]he Supreme Court *shall not* accept certification *unless . . .* the question of law is one that the petitioning court *has not previously decided*." Order, CM/ECF No. 73 at 2 (emphasis added). The Supreme Court's decision to emphasize its standard of review in this manner suggests that the Supreme Court considered, as we do, the question in this case to have been previously answered by our Court.[1]

---

[1] In our petition, we cited extensively to the cases on which Petitioner relies for the proposition that intervening cases have abrogated our precedent. CM/ECF No. 70 at 6-10. But the Supreme Court declined to accept the certification and adopt the position advanced by Petitioner.

II.[2]

Petitioner urges that the BIA and IJ erred in three respects, but we have jurisdiction to consider only the first of those purported errors. First, he argues that the BIA erred in relying on our precedent to conclude that his conviction for PWID marijuana was a controlled substance offense. Second, he argues that the IJ's adverse credibility determination was clearly erroneous because it was predicated on an "unreliable police report."[3] Pet.'s Br. 43. Third, he argues that the BIA should have remanded his case to the IJ to consider certain evidence he proffers would have conclusively established his credibility.[4] Because we lack jurisdiction to consider Petitioner's second and third argument, we focus our attention on his first.

---

[2]The Court lacks "jurisdiction to review discretionary and factual determinations presented in petitions for review." *Jarbough v. Att'y Gen. of U.S.*, 483 F.3d 184, 188 (3d Cir. 2007). The Court retains jurisdiction "to review constitutional claims or questions of law raised upon a petition for review." *Id.* (quoting 8 U.S.C. § 1252(a)(2)(D)) (internal quotation marks omitted).

[3] Petitioner's grievance regarding the IJ's credibility determination is not reviewable by this court as his credibility was a matter of fact. While Petitioner urges that the IJ's credibility determination turned only on perceived inconsistencies between Petitioner's testimony and a police report, which he further urges contained hearsay, the record belies his contention that this amounted to legal error. The IJ did not solely rest the credibility determination on the inconsistency between his testimony and the report, but also on, among other things, the inconsistency between his testimony and his guilty plea to two counts of driving under the influence. At base, Petitioner's argument is simply an attempt to recast his disagreement with the IJ's factual finding as a legal error. But we have no jurisdiction over disputes regarding the facts. *Jarbough*, 483 F.3d at 190 ("Recasting challenges to factual or discretionary determinations as due process or other constitutional claims is clearly insufficient to give this Court jurisdiction . . . .").

[4] Like his argument regarding the IJ's creditability determination, Petitioner's argument that the BIA should have remanded the case to permit him to bring forth evidence to bolster his credibility is merely an attempt to recast a factual issue as a legal one.

6

Our precedent is clear: the identity of the drug possessed is an element of the crime of PWID under 35 P.S. § 780-113(a)(30), and therefore, the statute is divisible down to the drug. *United States v. Abbott*, 748 F.3d 154, 156, 159 (3d Cir. 2014) (citing *Commonwealth v. Swavely*, 554 A.2d 946 (Pa. Super. Ct. 1989)).

In *Abbott*, we considered "whether Pennsylvania's criminal statute proscribing possession with intent to distribute a controlled substance, 35 P.S. § 780-113(a)(30), is a 'divisible' statute." *Id.* at 156. Abbott was convicted as a felon in possession of a firearm. To sentence him, the district court was required to determine whether his prior conviction for PWID cocaine was a mandatory minimum sentencing predicate under the Armed Career Criminal Act. *Id.* It concluded that it was because Pennsylvania's PWID statute was divisible and, thus, under the modified categorical approach, Abbott had been convicted of a serious drug offense. *Id.*

On appeal, Abbott argued that the PWID statute was indivisible and, therefore, the District Court erred in applying the modified categorical approach. Specifically, Abbott "contend[ed] the statute is indivisible because it simply outlaws possession with the intent to distribute 'a controlled substance.' . . . [T]he statute . . . he [urged], does not list alternative elements . . . . whether the controlled substance is marijuana or cocaine is of

---

Accordingly, we lack jurisdiction to consider it. Even if we had jurisdiction, however, Petitioner's argument would fail on the merits because the BIA did not abuse its discretion in denying the motion to permit Petitioner to admit evidence that was neither new nor dispositive of any issue in the case. Petitioner sought to admit, among other things, a 2016 toxicology report to show that he was not impaired at the time of his DUI and PWID arrest. Not only was this evidence available to Petitioner years before his removal hearing, but this evidence also would not have dispositively supported his credibility.

no moment." *Id.* at 158.  But we rejected that argument and held, instead, that "[t]he district court's reliance on the modified categorical approach" to determine whether a conviction under that provision was a predicate offense for purposes of ACCA "was proper." *Id.* at 159.

In so holding, we first acknowledged that "[t]he Supreme Court has clarified that 'any facts that increase the prescribed range of penalties to which a criminal defendant is exposed' *are elements* of the crime and must be found beyond a reasonable doubt." *Id.* (quoting *Alleyne v. United States*, 133 S. Ct. 2151, 2160 (2013)) (internal quotation marks omitted) (emphasis added).  Next, we noted that under Pennsylvania's controlled substance statute, "the type of controlled substance involved in a violation of 35 P.S. § 780-113(a)(30) alters the prescribed range of penalties[, thus,] the type of drug, insofar as it increases the possible range of penalties, is an element of the crime." *Id.*  And "[b]ecause [the statute] can be violated by the possession of and intent to distribute many different drugs, the types of which can increase the prescribed range of penalties, the statute includes several alternative elements and is therefore divisible." *Id.*  Indeed, we concluded that state case law supported our conclusion as "[t]he Pennsylvania Superior Court ha[d] reached a similar conclusion," in *Swavely*. *Id.* at 159 n.4.  In *Swavely*, we further noted, the Pennsylvania Superior Court itself held that "the type of drug was an element of the offense." *Id.*

8

We have consistently upheld *Abbott* since and applied it in at least three other precedential opinions.[5] This line of precedent squarely controls. Because Petitioner was convicted under § 780-113(a)(30) for possession with intent to deliver marijuana, a federally controlled substance, his conviction meets the definition of a controlled substance offense for purposes of the INA. Therefore, he is removable.

As Petitioner's counsel recognized at oral argument, unless there is a persuasive change in the law, we must "uphold prior precedent," and deny this petition. Oral Arg. Tr. 34. While Petitioner urges that "intervening cases" from the state courts evidence such a change in the law, we disagree. Petitioner cites various state court opinions, but he relies most heavily on the Pennsylvania Superior Court's opinion in *Commonwealth v. Beatty*, 227 A.3d 1277 (Pa. Super. Ct. 2020), to support his contention that our *Abbott* line of precedent has been abrogated sub silentio. *See* Oral Arg. Tr. 10 (Petitioner's counsel agreeing that *Beatty* "would be the most recent case that certainly clarified the change in law that has happened").[6] But that case, contrary to Petitioner's urging, is not

---

[5] *See also Avila v. Att'y Gen. U.S.*, 826 F.3d 662, 666 (3d Cir. 2016) (reaffirming that § 780-113(a)(30) is divisible in the context of the INA); *United States v. Henderson*, 841 F.3d 623, 630 (3d Cir. 2016) (concluding that, as a matter of statutory interpretation, the state PWID statute's "cross-referencing" to drug schedules created a "disjunctive and exhaustive list of standalone" crimes); *Singh v. Att'y Gen. of U.S.*, 839 F.3d 273, 284 (3d Cir. 2016) (providing that "drug identity—'the particular controlled substance' at issue— is an element of section 780-113(a)(30)").

[6] Petitioner also cites *Commonwealth v. DiMatteo*, 177 A.3d 182, 184 (Pa. 2018), which held that Pennsylvania's mandatory minimum drug sentencing scheme was unconstitutional under *Alleyne* and *Apprendi*, for the proposition that we may not continue to rely on the mere existence of that scheme as support for our precedent. But neither *Abbott*'s reasoning nor its progeny's turned on the existence of that scheme, so *DiMatteo* does not represent a shift in law sufficient to justify our disregard for precedent. *See Abbott*, 748 F.3d at 158 (noting, but not finding it dispositive, that "[t]he type of

9

persuasive evidence of a change in law nor is it authoritative regarding the issue before us.

*Beatty* did not involve the crime at issue here, namely the substantive offense of PWID. Nor did it involve the categorical approach or the meaning of an "element" in that context. The defendant in that case was charged with *conspiracy* to possess a controlled substance with intent to deliver. *Beatty*, 227 A.3d at 1279. In his direct criminal appeal to the Superior Court, Beatty urged that there was no evidence adduced at trial to prove he knew what the substance was that he allegedly conspired to distribute, though the indictment charged him specifically with conspiracy to possess and deliver a mixture of heroin with fentanyl. *Id.* at 1282-83.

The Superior Court rejected his challenge to the sufficiency of the evidence and opined on the knowledge necessary for a conviction for conspiracy to possess a controlled substance with intent to deliver:

> The only knowledge that is required to sustain the conviction is knowledge of the controlled nature of the substance. The defendant need not know the . . . precise chemical nature of the substance.

*Id.* at 1285 (quoting *Commonwealth v. Sweeting*, 528 A.2d 978, 980 (Pa. Super. Ct. 1987)). The Superior Court's ruling, therefore, clarified only the level of knowledge required to uphold a conviction for *that* inchoate crime. *Beatty* is a cabined case and does not, contrary to Petitioner's urging, abrogate our *Abbott* line of cases.

---

controlled substance involved in the violation . . . affects the mandatory minimum term of imprisonment" while also noting that the type of drug affects "the maximum punishment").

Petitioner draws too broad a conclusion from the stray statement from the Superior Court that "the specific identity of the controlled substance is not an element of the offense." *Id*. The Superior Court was not opining generally on the PWID statute, it was opining on the offense before it—a conspiracy. So, the identity of the controlled substance was of no consequence in the context of that crime or that case. That is a far cry from the issue presented in this case and resolved by our precedent. Indeed, that *Beatty* was a narrow case and of no moment to the disposition of this case is further bolstered by the lack of any reference to *Swavely*. As our precedent relied, in part, upon the Superior Court's own recognition in *Swavely* that "the particular controlled substance" is an element of the crime of PWID, the omission in *Beatty* of any discussion of that earlier case lends support to the continuing vitality of *Swavely*. 554 A.2d at 949.

Indeed, the Superior Court has itself continued to cite *Swavely* with approval in post-*Beatty* cases. *See, e.g.*, *Commonwealth v. Samad*, No. 1458 EDA 2020, 2021 WL 1906375 at *4 (Pa. Super. Ct. May 12, 2021) (rejecting the defendant's argument that "the particular drug possessed is not an element of the offense of PWID"); *Commonwealth v. Jackson*, No. 582 WDA 2022, 2023 WL 3918403, *4 (Pa. Super. Ct. June 9, 2023) (citing to *Swavely* with approval).[7]

---

[7] Petitioner also cites *Commonwealth v. Ramsey*, 214 A.3d 274, 278 (Pa. Super. Ct. 2019) to support his argument, but the Pennsylvania Superior Court itself distinguished *Ramsey* from *Swavely* and left the holding in *Swavely* entirely undisturbed. The Superior Court explained that it had affirmed in *Swavely* because the defendant "had delivered two separable substances and, therefore, 'two separate offenses occurred.'" *Id. Ramsey*, in short, involved the treatment of a conviction for possession of an inseparable compound drug and does little to advance Petitioner's position. Thus, even after *Ramsey*, defendants can, and frequently are, charged and convicted of separate counts of PWID based on the

11

Finally, Petitioner's contention that the specific identity of the drug is not an element of the crime of PWID under Pennsylvania law is further at odds with common practice, which undermines the proposition that there has been a fundamental change in Pennsylvania law. From charging, to trial, to conviction, the practice in state court is to identify the specific drug allegedly possessed by a defendant. *See, e.g.*, *Shackelford*, 293 A.3d at 695-96 (upholding the sentence of a defendant charged and convicted of various PWID charges with each count having been tied specifically to a particular drug rather than by reference to a drug schedule); Pa. Suggested Standard Criminal Jury Instrs., §§ 16.01, 16.13(a)(30)(B) (4th ed. 2024) (requiring the identification of the "name of the drug" allegedly possessed, not the schedule on which the drug appears). If drug identity were not an element of the crime, charging documents, jury instructions, and the state courts would not, as a matter of course, discuss the crime of PWID by reference to the specific drug possessed.

## III.

For these reasons, we will deny the petition in part and dismiss the petition in part.

---

specific identity of the drug possessed. *See, e.g.*, *Commonwealth v. Shackelford*, 293 A.3d 692, 695 (Pa. Super. Ct. 2023) (upholding convictions for two separate counts of possession of two different schedule II drugs, namely PWID-meth, and PWID-fentanyl).

12

McKEE, *Circuit Judge*, concurring dubitante.[1]

As my colleagues explain, we may only overrule precedential authority when there has been an intervening change in the controlling law. For the reasons they set forth, the legal landscape has not so clearly changed since *United States v. Abbott*[2] that I can conclude with certainty that the identity of the substance possessed is not an element of a conviction for possession with intent to distribute (PWID). Nevertheless, German-Santos persuasively argues that two state law decisions post-*Abbott* suggest there has been such an intervening change of law. Both *Commonwealth v. Beatty*[3] and *Commonwealth v. Ramsey*,[4] contain language that appears to define elements of PWID by the grouping of a particular controlled substance rather than its identity.

35 P.S. § 780-113(f) divides controlled substances into five groups and imposes a different range of penalties based not on the identity of the drug, but based upon the group in which a given drug is situated.[5] In *Mathis v. United States*, the Supreme Court

---

[1] "The term dubitante is affixed to the name of the judge indicating that the judge doubted a legal point but was unwilling to state it was wrong." *United States v. Jacobs*, 21 F.4th 106 (3d Cir. 2021) (McKee, J., concurring) (internal quotation marks omitted).

[2] 748 F.3d 154, 156 (3d Cir. 2014).

[3] 227 A.3d 1277 (Pa. Super. Ct. 2020).

[4] 214 A.3d 274 (Pa. Super. Ct. 2019).

[5] Section 780-113(f) prescribes maximum sentences for PWID offenses as follows:

(f)(1): A maximum sentence of fifteen years and/or a $250,000 fine for "a controlled substance or counterfeit substance classified in Schedule I or II which is a narcotic drug."

(f)(1.1): A maximum sentence of ten years and/or a $100,000 fine for Phencyclidine, methamphetamine (including its isomers and salts), or coca leaves (and its salts, compounds and derivatives).

stated: "If statutory alternatives carry different punishments, then under *Apprendi* they must be elements."[6]

## I.

The parties dispute whether the identity of the drug one illegally possesses is an element of the crime of possession with intent to distribute in Pennsylvania.[7] My colleagues believe that we affirmatively answered this question in *Abbott*.[8] There, we applied the modified categorical approach and held that under Pennsylvania law a PWID offense is divisible by the drug possessed.[9]

German Santos argues that because he was subject to sentencing under Section 780-113(f)(2), we must view his conviction not as "possession with intent to distribute

---

(f)(2): A maximum sentence of five years and/or a $15,000 for "any other controlled substance or counterfeit substance classified in Schedule I, II, or III."

(f)(3): A maximum sentence of three years and/or a $10,000 fine for "a controlled substance or counterfeit substance classified in Schedule IV."

(f)(4): A maximum sentence of one year and/or a $5,000 fine for "a controlled substance or counterfeit substance classified in Schedule V."

[6] 579 U.S. 500, 518 (2016) (citing *Apprendi v. New Jersey*, 530 U.S. 466 (2000)).

[7] 35 P.S. § 780-113(a)(30).

[8] Maj. Opinion at 8.

[9] In *Abbott*, we had to rely upon the bewildering and perpetually confusing categorical approach. 748 F.3d at 158-59. In *United States v. Harris*, our recently retired colleague, Judge Jordan, concurring in the denial of rehearing en banc, noted: "Frustration is the gift that the 'categorical approach' keeps on giving." *United States v. Harris*, 88 F.4th 458, 459 (3d Cir. 2023) (en banc) (Jordan, J., concurring). That concurrence was joined by more than half of the judges of this court who were eligible to participate in the decision. This case presents yet another example of the largesse of the categorical approach. It also exemplifies the kind of paradox that may have moved Mr. Bumble to utter: "if the law says that, then the law is an ass." Charles Dickens, *Oliver Twist* 463 (3d ed. The New American Library 1961).

*marijuana*," but "possession with intent to distribute *a non-narcotic drug listed in Schedules I, II or III* of Pennsylvania's controlled substances statute."[10] Since defendants in Pennsylvania can be sentenced under that provision for possessing substances that are not federally controlled substances,[11] German Santos argues that his PWID offense is *not* categorically a controlled substance offense under 8 U.S.C. § 1227(a)(2)(B)(i).

I admit that his argument seems counter-intuitive at first. As my colleagues explain, controlled substance offenses are not charged by statutory subdivision, but by substance possessed, and Pennsylvania's approved jury instructions are worded accordingly.[12] Thus, it is hard to fathom a prosecutor arguing in summation: "therefore ladies and gentlemen of the jury, I submit that the evidence has proven beyond a reasonable doubt that this defendant violated Title 35 Pennsylvania Consolidated Statutes § 780-113(a)(30)" rather than arguing "the evidence proves beyond a reasonable doubt that the defendant possessed marijuana." But that practical difficulty does not alter the legal definition of "element" for purposes of deciding if German Santos's conviction disqualifies him from the relief he is seeking.

The *Abbott*-line of cases assumes that Pennsylvania's PWID offense is further divided into the particular controlled substance involved. Pursuant to that argument, since

---

[10] *See, e.g.*, 35 P.S. § 780-113(f)(2) (emphasis added).
[11] *See* 35 P.S. § 780-104(3)(vii)(1) (listing chorionic gonadotropin under Schedule III); *Harbin v. Sessions*, 860 F.3d 58, 68 (2d Cir. 2017) ("Chorionic gonadotropin is not a scheduled substance under the CSA.").
[12] Maj. Opinion at 11.

3

marijuana is a federally controlled substance, German Santos's conviction is a categorical match, and he is therefore removable. However, the law is not that clear.

## II.

In *Commonwealth v. Beatty*, a defendant had been charged with and convicted of conspiracy to deliver *heroin with fentanyl*.[13] At trial, however, the evidence indicated that the defendant had agreed to deliver only *heroin*.[14] The defendant argued that there was insufficient evidence to support his conviction because the prosecution had not proven drug identity beyond a reasonable doubt.[15]

The Superior Court rejected the defendant's argument. It noted that, under Pennsylvania law, "heroin is a schedule I substance" whereas "[f]entanyl is a schedule II substance," and both are narcotics.[16] The Superior Court recognized that PWID of either drug would subject a defendant to the same penalty provision, Section 780-113(f)(1), which applies to any PWID conviction involving a Schedule I or Schedule II narcotic.[17] Because the identity of the drug would have made no difference to the defendant's sentencing exposure, the Superior Court determined that the prosecution did not need to present evidence of the drug's specific identity.[18]

---

[13] 227 A.3d at 1280.
[14] *Id.* at 1280–82 ("[T]he Commonwealth's argument during trial was that the agreement was to deliver only heroin.").
[15] *Id.* at 1282–83, 1284.
[16] *Id.* at 1285; 35 P.S. § 780-102(b) (defining "narcotic" to encompass opiates and related substances).
[17] *Id.* at 1285 (noting that "the identity [of a controlled substance] is only relevant for gradation and penalties based on the relevant schedules"); 35 P.S. § 780-113(f)(1).
[18] *Id.* at 1285 (finding it sufficient instead that "[t]he evidence of record . . . supports [the] conclusion that [the defendant] was in possession of a controlled substance" generally);

Indeed, Justice Wecht makes this very point in dissenting from the Pennsylvania Supreme Court's refusal to accept our certification of this question to that court. Justice Wecht's dissent was joined by the Chief Justice - and appropriately noted that the law needs clarification. [19]

My colleagues claim that *Beatty* does not control because that case involves *conspiracy* to possess a controlled substance with intent to deliver.[20] Nonetheless, *Beatty* clearly describes the relationship between the statute defining the offense of PWID,[21] the statute's controlled substances schedules,[22] and the applicable sentencing provision.[23] There, the Superior Court found that "the identity [of a controlled substance] is only relevant for gradation and penalties based on the relevant schedule," which in turn determines which of Section 780-113(f)'s maximum sentence provisions will apply.[24] *Beatty*'s indifference to whether a defendant possessed heroin or fentanyl further suggests that drug identities are merely "alternative means of fulfilling" the relevant sentencing provision.[25]

---

*see also Apprendi*, 530 U.S. at 490 ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.").

[19] Order, CM/ECF No. 73 at 3-8 (Wecht, J., dissenting, joined by Todd, C.J.).

[20] **Maj. Opinion at 9;** *See* 18 P.S. § 903(a)(1) (Pennsylvania statute for criminal conspiracy).

[21] 35 P.S. § 780-113(a)(30).

[22] 35 P.S. § 780-104.

[23] 35 P.S. § 780-113(f)(1).

[24] *Beatty*, 227 A.3d at 1285.

[25] *Mathis*, 579 U.S. at 501; *see also Beatty*, 227 A.3d at 1285 ("The fact that the substance was heroin with fentanyl, not solely heroin, is of no significance for purposes of establishing the elements of the statute. Heroin and fentanyl are both controlled substances.").

The BIA believed that "*Beatty* neither alters existing State law nor supersedes the Third Circuit's construction of [S]ection 780-113(a)(30)," because when it stated that the identity of the controlled substance was not an "element," it was interpreting the state's definition of "element" under 18 P.S. § 103.[26]

While the definition of "element" in the Pennsylvania Criminal Code may not match the federal definition with precision,[27] Pennsylvania courts' interpretation of the term is consistent with federal law. Specifically, in *Beatty*, the Superior Court explained that, in a sufficiency-of-the-evidence challenge regarding the substance at issue, it reviewed the evidence to ensure that the factfinder was able to "find every element of the crime beyond a reasonable doubt."[28]

### III.

The majority argues that *Beatty* is insignificant because it fails to consider *Commonwealth v. Swavely*.[29] But that is of questionable significance because *Swavely* does not provide a clear answer to our inquiry. To the extent *Swavely* spoke of drug identity as an element Pennsylvania's PWID offense, it seems to have done so only in connection with the drug's schedule, which *Swavely* also seems to have used as a

---

[26] AR 5.

[27] The Pennsylvania criminal code defines "element of the offense" as conduct that "is included in the description of the forbidden conduct in the definition of the offense," "establishes the required kind of culpability," "negatives an excuse or justification," "negatives a defense under the statute of limitation," or "establishes jurisdiction or venue." 18 P.S. § 103. While under the federal law, an "element" refers to "what the jury must find beyond a reasonable doubt to convict the defendant." *Mathis*, 579 U.S. at 504.

[28] *Beatty,* 227 A.3d at 1283.

[29] **Maj. Opinion at 10;** 554 A.2d 946 (Pa. Super. Ct. 1989).

6

shorthand for sentencing group.[30] Given its facts and the subsequent clarification provided by *Beatty*, *Swavely* is inconclusive at best as to whether drug identity, schedule or sentencing group is the element by which PWID offenses can be distinguished.

**IV.**

My uncertainty here is reinforced by the decision in *Commonwealth v. Ramsey*.[31] There, the Superior Court held that the appellant's double jeopardy and due process rights were violated when the trial court sentenced him on two counts of delivery of a controlled substance. The delivery there involved one compound containing two inseparable controlled substances: heroin and fentanyl.[32] In reaching this conclusion, the Superior Court noted that, "there is nothing in the plain language of Section 780-113(a)(30) that states that the particular drug delivered is an element of the offense — all that is required is that a controlled substance is delivered."[33]

**V.**

Nevertheless, the practical considerations and the reality of Pennsylvania's jury instructions that my colleagues point out are sufficiently forceful to preclude me from dissenting from the majority opinion.[34] Accordingly, for the reasons I have set forth, I join my colleagues' opinion but remain dubitante in the absence of an authoritative ruling by the Pennsylvania courts.

---

[30] *See id.* at 949 ("[I]n order to find appellant guilty of count five, delivery of *a Schedule II controlled substance*, Tuinal . . . .) (emphasis added).
[31] 214 A.3d 274 (2019).
[32] *Id.* at 277.
[33] *Id.* at 278.
[34] Maj Opinion at 11.